UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS
WESTERN DIVISION

CIVIL ACTION NO:

| | |
|---|---|
| JOHN MESHEAU | ) |
| | ) |
|     Plaintiff | ) |
| | ) |
| v. | ) |
| | ) |
| IKO MANUFACTURING, INC., | ) |
| IKO INDUSTRIES, INC., | ) |
| IKO INDUSTRIES, LTD., | ) |
| MITCHELL D. LEET, | ) |
| LEET & ASSOCIATES, INC. | ) |
| BRADCO SUPPLY CORP. n/k/a | ) |
| AMERICAN BUILDERS AND | ) |
| CONTRACTORS SUPPLY CO.INC., and | ) |
| 84 LUMBER COMPANY, A LIMITED | ) |
| PARTNERSHIP | ) |
| | ) |
|     Defendants | ) |

NOTICE OF REMOVAL PURSUANT TO 28 U.S.C. 1441, 28 U.S.C. 1446, AND 28 U.S.C. 1332 BY DEFENDANT, IKO INDUSTRIES, LTD, A CANADIAN BUSINESS CORPORATION

Now comes IKO Industries, LTD ("IKO"), a citizen of Canada, and gives Notice of Removal of this case from the Hampshire County Superior Court in the Commonwealth of Massachusetts to the United States District Court, District of Massachusetts, Western Division. As grounds for removal, IKO states as follows:

NATURE AND STATUS OF PROCEEDINGS AND BASIS FOR REMOVAL

1. The docket of the Hampshire County Superior Court states that the Plaintiff filed suit against IKO Manufacturing, Inc. on or about September 10, 2013, and the case was assigned docket number 13-158.

2. IKO Manufacturing, Inc., was identified as "a Delaware corporation with significant business operations in Kankakee, Illinois."

3. On or about November 19, 2013, IKO Manufacturing, Inc. filed a Motion to Dismiss based, inter alia, on a facial failure of the Plaintiff to satisfy the $25,000 threshold for jurisdiction of the Superior Court pursuant to M.G.L. c. 212 § 3, which states that "the actions may proceed in the court only if there is no reasonable likelihood that recovery by the plaintiff will be less than or equal to $25,000." On or about September 30, 2014, the Court denied the Motion to Dismiss, stating that the Plaintiff's assertion of minimal damages of $25,000 conferred jurisdiction.

4. On or about January 2, 2015, the Plaintiff filed a Motion to Amend the Complaint to add new parties, including IKO Industries, LTD. The Motion to Amend the Complaint was allowed on or about February 23, 2015, and a Motion for Reconsideration was denied on or about February 27, 2015.

5. The Amended Complaint asserts minimum damages sufficient for jurisdiction of the Superior Court of $25,000, although the damages were not itemized.

### JURISDICTION AND VENUE ARE APPROPRIATE AS THE COURT HAS ORIGINAL JURISDICTION ON THE GROUNDS OF DIVERSITY

6. The Court has original jurisdiction over this matter under the diversity of citizenship requirement of 28 USC 1332, and the amount-claimed meets the statutory requirements for a diversity action.

7. A section of the Amended Complaint entitled "COUNT 16,17,18" against IKO Industries, LTD claims damages under the consumer protection statute known as G.L. c. 93A. Chapter 93A permits a court to impose treble damages and attorney's fees. Thus, the Plaintiff, by asserting damages sufficient for jurisdiction of the Superior Court, trebled, plus attorney's fees, is discernably claiming damages calculated in excess of $75,000, as calculated pursuant to Dart Cherokee Basin Operating Co., LLC v. Owens, 135 S. Ct. 547, 551, 574 U.S. ___ (2014). See, also, Martin v. Franklin Capital Corp., 251 F 3rd. 1284, 1290 (10th Cir. 2001), which states that in instances such as this, where the damages are not quantified in the Complaint, the amount in controversy may be established based upon the allegations on the face of the Complaint.

8. The Amended Complaint confirms total diversity:

| Plaintiff's Citizenship | Defendant | Defendant's Citizenship | Source in Complaint | Diversity under 1332? |
|---|---|---|---|---|
| Massachusetts | IKO Man. Inc. | Delaware/Illinois | ¶2 | Yes |
| Massachusetts | IKO, Ind. Inc. | Delaware/Illinois | ¶3 | Yes |
| Massachusetts | IKO, Ind. LTD | Canada | ¶4 | Yes |
| Massachusetts | Mitchell Leet | New Hampshire | ¶5 | Yes |
| Massachusetts | Leet & Assoc. | New Hampshire | ¶7 | Yes |
| Massachusetts | ABC Supply | Wisconsin | ¶9 | Yes |
| Massachusetts | 84 Lumber | Pennsylvania | ¶10 | Yes |

3

### THE COURT ALSO HAS ORIGINAL JURISDICTION UNDER 28 U.S.C. § 1332(a)(2)

9. In the addition to the foregoing, this Court has original jurisdiction based upon the status of IKO Industries, LTD as a "subject of a foreign state" which has no permanent residence in the United States and is not domiciled in Massachusetts.

### TIMING IS APPROPRIATE

10. IKO Industries, LTD was served on March 16, 2015.  By statute, removal must be brought within 30 days of the service of summons and the Amended Complaint. Thus, timing is appropriate and proper for removal

11. Notice of Removal will be served this day on the Hampshire County Superior Court and all counsel of record upon filing of this Notice of Removal has been filed in this Court, so that any and all outstanding proceedings in that Court may be terminated.

### MISCELLANEOUS PROVISIONS

12. The Local Rules of the United States District Court for the District of Massachusetts do not provide specific guidelines for the inclusion of documents when removal is effectuated after allowance of a Motion to Amend the Complaint, and in which voluminous pleadings have been filed by the prior parties.

13. Upon consultation with the Court, IKO is providing with this Notice of Removal a certified copy of the docket from the Hampshire Superior Court, the original Complaint, the original Answer of IKO Manufacturing, Inc. and the Amended Complaint, and will provide to the Court any other documents which the Court deems necessary and proper upon request.

14. IKO Industries, LTD, in bringing this action for removal, does not waive any right to object to the exercise of personal matter jurisdiction over it in this Court, and reserves the right to bring a Motion to Dismiss based upon lack of personal jurisdiction over a Canadian entity which has not purposefully availed itself over this forum in the Commonwealth of Massachusetts.

## CONCLUSION

For the foregoing reasons, that there is complete diversity, that the amount in controversy can be deemed from the face of the Complaint to exceed $75,000, this Court has proper original jurisdiction over all claims on the basis of diversity. Whereas the matter is brought by a new defendant, IKO Industries, LTD, within 30 days of service of the Amended Complaint and Summons by the Plaintiff, IKO is entitled to remove this matter to this Court pursuant to 28 USC § 1441.

WHEREFORE, notice is given that the action now pending before the Hampshire County Superior Court, CA 13-158, <u>Mesheau v. IKO Industries, LTD</u>, has been removed.

Respectfully Submitted,
IKO Industries, LTD
By its attorney,

/s/Robert N. Meltzer_____
The Mountain States Law Group
Robert N. Meltzer, BBO #564745
P.O. Box 1459
Framingham, MA 01701
Phone: (508) 872-7116
robmeltzer@aol.com

March 17, 2015

CERTIFICATION OF CONSENT OF ALL DEFENDANTS TO REMOVAL

28 U.S.C. 1446(b)(2)(A)

  I, Robert N. Meltzer, counsel for Defendants, IKO Industries, Inc., IKO Manufacturing, Inc., IKO Industries, LTD, Mitchell D. Leet and Leet & Associates, Inc. have consulted with Tyler Williams, Esq. of Leo Law Firm, LLC in Huntsville, Alabama, counsel for Defendant American Builders and Contractors Supply Co., Inc. and David Morgan, Esq. of Gordon Rees LLP, Pittsburg, Pennsylvania, counsel for Defendant, 84 Lumber Company, and each Defendant has consented to the enclosed Motion for Removal pursuant to 28 U.S.C. 1446(b)(2)(A).

                    /s/Robert N. Meltzer


CERTIFICATE OF SERVICE

I hereby certify that on this day I served a copy of the foregoing by mailing the same by first class mail, postage prepaid, to:

Lisa Brodeur-McGan, Esq.
1380 Main Street, Suite 202
Springfield, MA 01103


                    /s/Robert N. Meltzer

March 17, 2015