COMMONWEALTH OF MASSACHUSETTS
HAMPSHIRE, SS.

Superior Court Department of the
Trial Court of the Commonwealth
Civil Action

No. HSCV2013-00158-A

John Mesheau

, Plaintiff (s)

v.

SUMMONS

IKO MANUFACTURING INC

, Defendant (s)

NOTICE TO DEFENDANT — You need not appear personally in court to answer the complaint but if you claim to have a defense, either you or your attorney must serve a copy of your written answer within 20 days as specified herein and also file the original in the Clerk's Office.

To the above-named Defendant :

You are hereby summoned and required to serve upon Dan V. Bair II plaintiff attorney, whose address is 15 Foster St, Quincy, MA 02169 , an answer to the complaint which is herewith served upon you, within 20 days after service of this summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint. You are also required to file your answer to the complaint in the office of the Clerk of this court at Northampton, either before service upon plaintiff attorney or within a reasonable time thereafter.

Unless otherwise provided by Rule 13(a), your answer must state as a counterclaim any claim which you may have against the plaintiff which arises out of the transaction or occurrence that is the subject matter of the plaintiff claim or you will thereafter be barred from making such claim in any other action.

Witness, Barbara J. Rouse, Esquire at Northampton, the day of , in the year of our Lord two thousand

*[signature]*

CLERK-MAGISTRATE

NOTES:
1. This summons is issued pursuant to Rule 4 of the Massachusetts Rules of Civil Procedure.
2. When more than one defendant is involved, the names of all defendants should appear in the caption. If a separate summons is used for each defendant, each should be addressed to the particular defendant.
3. Circle type of action involved. Tort — Motor Vehicle Tort — Contract — Equitable relief.

## Commonwealth of Massachusetts
### County of Hampshire
### The Superior Court

CIVIL DOCKET # HSCV2013-00158-A
Courtroom CtRm 2- 3rd fl

RE: Mesheau v IKO Manufacturing, Inc.
TO:

    Dan V Bair II, Esquire
    15 Foster Street
    Quincy, MA 02169

### SCHEDULING ORDER FOR F TRACK

You are hereby notified that this case is on the track referenced above as per Superior Court Standing Order 1-88. The order requires that the various stages of litigation described below must be completed not later than the deadlines indicated, and case shall be resolved and judgment shall issue 07/02/2015.

| STAGES OF LITIGATION | DEADLINES | | |
|---|---|---|---|
| | SERVED BY | FILED BY | HEARD BY |
| Service of process made and return filed with the Court | 12/09/2013 | 12/09/2013 | |
| Response to the complaint filed (also see MRCP 12) | | 01/08/2014 | |
| All motions under MRCP 12, 19, and 20 | 01/08/2014 | 02/07/2014 | 03/09/2014 |
| All motions under MRCP 15 | 01/08/2014 | 02/07/2014 | 03/09/2014 |
| All discovery requests and depositions served and non-expert depositions completed | 07/07/2014 | | |
| All motions under MRCP 56 | 08/06/2014 | 09/05/2014 | |
| Final pre-trial conference held and/or firm trial date set | | | 01/03/2015 |
| Case shall be resolved and judgment shall issue by 07/02/2015 | | | 07/02/2015 |

- The final pre-trial deadline is <u>not the scheduled date of the conference</u>.
- You will be notified of that date at a later time.
- Counsel for plaintiff must serve this tracking order on defendant before the deadline for filing return of service.

Dated: 09/10/2013

Harry Jekanowski, Jr.
Clerk of the Court

Telephone: (413) 584-5810 ext. 287

Disabled individuals who need handicap accommodations should contact the Administrative Office of the Superior Court at (617) 788-8130 --Check website as to status of case: http://ma-trialcourts.org/tcic  395236 inidoc01 shepardp

COMMONWEALTH OF MASSACHUSETTS
TRIAL COURT OF THE COMMONWEALTH

Hampshire, ss.                                         Superior Court Department
                                                       Civil Action No: 13 158

JOHN MESHEAU,                    )
         Plaintiff,              )
                                 )
v.                               )
                                 )
IKO MANUFACTURING, INC.,         )
                                 )
         Defendant.              )

## I. NATURE OF ACTION

Plaintiff, John Mesheau ("Mesheau"), brings this present action against IKO Manufacturing Inc. ("IKO") for Breach of Express Warranty, Breach of Implied Warranty of Merchantability, Breach of Contract, Breach of Implied Warranty of Fitness for a Particular Purpose, Misrepresentation and violation of Massachusetts General Laws, Chapter 93A for Unfair and Deceptive Trade Practices.

## II. THE PARTIES

1. Plaintiff, John Mesheau, resides at 18 Pheasant Hill Road, Granby, Hampshire County, Massachusetts.

2. Defendant, IKO Manufacturing Inc. is a Delaware corporation with significant business operations in Kankakee, Illinois, where it manufactures, sells, markets and services IKO shingles.

## III. VENUE

3. Venue is proper as Plaintiff resides within Hampshire County.



## IV.   THE FACTS

4. In 2004, Plaintiff built his current residence at 18 Pheasant Hill Road in Granby, Massachusetts.

5. During construction of Plaintiff's residence, Mesheau elected to have his contractor, Barber Associates, shingle the roof using IKO's Chateau brand shingles ("IKO shingles").

6. Plaintiff purchased IKO shingles and was provided with an express warranty by IKO with respect to the IKO shingles.

7. Defendant's "Iron-Clad" warranty guaranteed that the IKO shingles were free from manufacturing defects that cause leaks for a period of thirty-five (35) years.

8. The IKO shingles were properly installed in the summer of 2004 and were used to shingle the entire 13,847 square foot roof.

9. In April/May of 2005, Tim Curran ("Curran"), the foreman for Barber Associates, noticed that the IKO shingles at Plaintiff's residence were beginning to crack and separate.

10. Curran alerted Mesheau and contacted IKO concerning the condition of the shingles.

11. Curran was put into contact with Mitchell Leet ("Leet"), who was IKO's sales representative for the region.

12. Curran explained to Leet the condition of the shingles at Plaintiff's residence.

13. Leet then took samples of the IKO shingles used on Mesheau's roof and stated that he was going to have them analyzed by IKO.

14. After a short period of time, Leet contacted Curran and represented that IKO had analyzed the IKO shingles used on Mesheau's roof and stated that there were no defects.

15. Curran communicated to Mesheau IKO's representations that the IKO shingles used on his residence had no defects.

16. IKO knew or should have known that such false representations would induce Mesheau to put off bringing a suit to enforce his rights under the law.

17. Based solely on IKO's representations that the IKO shingles were not defective, Mesheau did not pursue the matter any further.

18. In December 2011, during the warranty period, Mesheau noticed that the IKO shingles had failed and water was leaking through the roof into the interior of the 18 Pheasant Hill Road residence.

19. An inspection of the roof revealed premature failure and accelerated degradation of the IKO shingles' throughout all areas of the roof.

20. The inspection further exposed that the IKO shingles were split in various directions and jeopardized the entire roof.

21. The IKO shingles located on the lower pitch of the roof had degraded and curled, causing severe leakage as well as obstructing the natural flow of rain water away from the roof.

22. The various leaks were due to the failure of the IKO shingles and not installation.

23. On November 9, 2012, Mesheau sent correspondence (via regular and certified mail) to IKO demanding that they honor their implied and express warranties.

24. The mailing address in which the correspondence was sent was the one provided on IKO's "Iron-Clad" warranty.

25. The November 9, 2012, correspondence was returned as undeliverable with no forwarding address.

26. On or about February 1, 2013, Mesheau sent another correspondence to IKO demanding that they honor their implied and express warranties. The address that the February 1, 2013, correspondence was sent to was not the one listed on IKO's "Iron-Clad" warranty.

27. On or about February 13, 2013, Mesheau, through counsel, received a reply in which IKO refused to honor any of their express and/or implied warranties.

## COUNT I
## BREACH OF IMPLIED WARRANTY OF MERCHANTABILITY

28. Plaintiff repeats and re-alleges paragraphs 1-27, and incorporates the same by reference as if originally stated herein.

29. By virtue of M.G.L. c.106, § 2-313 *et seq.*, and common law, a warranty that the IKO shingles were merchantable was implied at the time of purchase.

30. The IKO shingles were not merchantable at the time of sale and remain so today.

31. Mesheau has been damaged by Defendant's breach of the Warranty of Merchantability..

## COUNT II
## BREACH OF IMPLIED WARRANTY OF FITNESS FOR A PARTICULAR PURPOSE

32. Plaintiff repeats and re-alleges paragraphs 1-31, and incorporates the same by reference as if originally stated herein.

33. By virtue of M.G.L. c.106, § 2-313 *et seq.*, and common law, a warranty that the IKO shingles were fit for a particular purpose was implied at the time of purchase.

34. The IKO shingles were unfit for their particular purpose. IKO manufactured IKO shingles in a cold weather climate, and distributed, marketed and sold IKO shingles in cold weather climates. IKO knew or should have known that its IKO shingles would be subjected to sub-zero temperatures, snow and sleet and that they would be subjected to freeze-thaw cycles for a substantial period of each year.

35. The IKO shingles were unfit for their intended purpose as warranted by IKO as the IKO shingles broke down and failed to perform and protect when put to their intended use.

36. Mesheau has been damaged by Defendant's breach of the Warranty of Fitness for a Particular Purpose.

## COUNT III
## BREACH OF EXPRESS WARRANTY

37. Plaintiff repeats and re-alleges paragraphs 1-36, and incorporates the same by reference as if originally stated herein.

38. Defendant warranted to Mesheau that the IKO shingles were free from defects at the time of purchase.

39. The IKO shingles failed to conform to express warranties made by IKO.

40. Mesheau has been damaged by Defendant's breach of the express warranties.

## COUNT IV
## MISPRESENTATION

41. Plaintiff repeats and re-alleges paragraphs 1-40, and incorporates the same by reference as if originally stated herein.

42. IKO made false representations concerning the quality and capabilities of the IKO shingles.

43. Mesheau relied to his detriment on those false statements in purchasing the IKO shingles and delaying bringing suit to enforce his rights

44. Mesheau has been damaged by Defendant's false representations.

## COUNT V
## BREACH OF CONTRACT

45. Plaintiff repeats and re-alleges paragraphs 1-44, and incorporates the same by reference as if originally stated herein.

46. Mesheau entered into certain contracts and warranty agreements with Defendant. Pursuant to these contracts and agreements, including the express warranty, Defendant would provide Mesheau IKO shingles that were of merchantable quality and fit for the purpose for which they were intended. In exchange for these duties and obligations, Defendant received payment of the purchase price for the IKO shingles from Mesheau.

47. Mesheau satisfied his obligation under these contracts, warranties and agreements.

48. Defendant failed to perform as required and breached said contracts, warranties and agreements because Defendant provided Mesheau with IKO shingles that were defective and unfit for their intended purpose.

49. Mesheau has been damaged as a result of Defendant's breach.

## COUNT VI
## VIOLATION OF MASSACHUSETTS GENERAL LAWS CHAPTER 93A

50. Plaintiff repeats and re-alleges paragraphs 1-49, and incorporates the same by reference as if originally stated herein.

51. In marketing and selling defective IKO shingles, IKO committed various unfair and deceptive actions as detailed above, including but not limited to: breaching IKO's

express and implied warranties and breaching both IKO's warranty of merchantability and fitness for a particular purpose, representing in 2005 that the IKO shingles had been analyzed by IKO, falsely representing in 2005 that the IKO shingles were defect free in 2005 (representations that Mesheau relied upon), and falsely representing that 660 South Avenue, Chicago, Illinois, was the appropriate address to send warranty requests (it was not).

52. IKO further committed unfair and deceptive actions including, but not limited to: willfully, intentionally and in bad faith refusing to honor the express and implied warranties.

53. The unfair and deceptive conduct of IKO was knowing and willful.

54. On May 21, 2013, Mesheau sent to IKO a demand for relief pursuant to M.G.L. c.93A.

55. IKO responded to the demand declining to provide any relief or to make any reasonable offer of settlement. Such a response was made in bad faith.

**WHEREFORE,** Plaintiff John Mesheau demands judgment against Defendant, IKO Manufacturing, Inc., in an amount this Court deems proper, including treble damages, attorneys' fees, costs and interest.

PLAINTIFF DEMANDS A JURY TRIAL ON ALL TRIABLE ISSUES.

PLAINTIFF
JOHN MESHEAU,

Date: September 6, 2013

By: _____
Dan V. Bair II (BBO# 654369)
Attorney at Law
dbair@danbairlaw.com
15 Foster Street

7

Quincy, MA 02169
Tel: (508) 277-0720; Fax: (617) 770-4091