Ex 1

COMMONWEALTH OF MASSACHUSETTS
DEPARTMENT OF THE TRIAL COURT

Hampshire, ss.

Superior Court Department
Civil Action No.: HSCV2013-00158

JOHN MESHEAU

                    Plaintiff

v.

IKO MANUFACTURING, INC.,
IKO INDUSTRIES, INC.,
IKO INDUSTRIES, LTD.,
MITCHELL D. LEET,
LEET & ASSOCIATES INC.,
BRADCO SUPPLY CORP  n/k/a
AMERICAN BUILDERS AND
CONTRACTORS SUPPLY CO. INC., and
84 LUMBER COMPANY, A LIMITED
PARTNERSHIP.

                    Defendants

## PLAINTIFF'S FIRST AMENDED COMPLAINT

## I. NATURE OF ACTION

Plaintiff, John Mesheau ("Mesheau") brings this present action against IKO

Manufacturing, Inc., IKO Industries, Inc., IKO Industries, LTD. (cumulatively "IKO

Defendants" [1]), Mitchell D. Leet ("Leet"), Leet & Associates Inc.,  Bradco Supply Corp. n/k/a

American Builders and Contractors Supply Co. Inc. ("Bradco"), and 84 Lumber Company, A

Limited Liability Partnership ("84 Lumber") for Breach of Express Warranty, Breach of Implied

Warranty of Merchantability, Breach of Contract, Breach of Implied Warranty of Fitness for a

Particular Purpose, Misrepresentation, Violation of Massachusetts General Laws, Chapter 93A

---

[1] For readability, when appropriate Defendants IKO Manufacturing, Inc., IKO Industries, Inc., and IKO Industries, Ltd., are together hereinafter referred to as "IKO Defendants."

1

for Unfair and deceptive Trade Practices, Fraudulent Concealment, Negligence, and Failure to Warn.

## II. THE PARTIES

1. Plaintiff, John Mesheau, resides at 18 Pheasant Hill Road, Granby, Hampshire County, Massachusetts.

2. Defendant, IKO Manufacturing, Inc. ("IKO Manufacturing"), is a Delaware corporation with significant business operation in Kankakee, Illinois, where it manufactures, sells, markets, and services IKO shingles.

3. IKO Industries, Inc., the distributor of the IKO shingle, is a Delaware corporation significant business operation in Kankakee, Illinois, where it distributes, markets, and sells IKO Shingles.

4. In the alternative, IKO Industries Ltd ("IKO Industries Ltd") is the manufacturer of the shingles, located in Calgary, Alberta, Canada and/or Toronto, Ontario, Canada and selling shingles and otherwise conducting business in the United States.

5. Defendant, Mitchell D. Leet ("Leet"), upon information and belief, resides at 8 Pinnacle Springs Extension Road, in Chesterfield, Cheshire County, New Hampshire.

6. At all times relevant, Defendant Leet was an officer and agent of Defendant Leet & Associates, Inc.

7. Defendant, Leet & Associates, Inc. ("Leet & Associates"), is a New Hampshire corporation with a principal place of business at 15 Windsurfer Lane, Spofford, Cheshire County, New Hampshire.

8. Based upon information and belief, at all times relevant, Mitchell Leet was an agent with authority of the IKO Defendants.

2

9.     Defendant, Bradco Supply Corporation n/k/a American Builders & Contractors Supply

       Co., Inc. and alternatively ABC Supply Co. Inc. ("Bradco") is a foreign corporation with

       a principal office at One ABC Parkway, Beloit, Wisconsin, an office Springfield and Fall

       River, Massachusetts, and a registered agent in the Commonwealth at 155 Federal Street,

       Boston, Massachusetts.

10.    Defendant, 84 Lumber Company, A Limited Partnership ("84 Lumber"), is a foreign

       corporation with a principal office at 1019 Route 519, Eighty Four, Pennsylvania, with

       offices in Springfield, Massachusetts and a registered agent at 155 Federal Street, Boston,

       Massachusetts.

### III. VENUE

11.    Venue is proper as Plaintiff resides within Hampshire County.

### IV. THE FACTS

12.    In 2004, Plaintiff began construction of his current residence at 18 Pheasant Hill Road in

       Granby, Massachusetts.

13.    During construction of Plaintiff's residence, Plaintiff elected to have his contractor,

       Barber Associates, shingle the roof using IKO Defendants' Chateau brand shingles ("IKO

       shingles").

14.    The IKO Shingles were sold by Bradco and 84 Lumber, who acquired them from the IKO

       Defendants.

15.    The IKO Shingles at issue were manufactured by either or both IKO Manufacturing, Inc.

       and IKO Industries, Ltd.

16.    The shingles were marketed by IKO Defendants as a 35-year shingle and came with an

       "ironclad" warranty from IKO Defendants with respect to the IKO shingles.

3

17.   Prior to selection of the IKO shingles, Plaintiff saw other IKO warranty

representations/information shown to him by Barber Associates, including

representations that the IKO shingle was a 35-year shingle and had an "ironclad"

warranty.

18.   Defendant's "ironclad" warranty and other statements represented that the IKO shingles

were free from manufacturing defects that cause leaks for a period of thirty-five (35)

years.

19.   These IKO shingles also contained warranty and other information on the external wrap

of the shingle bundles. (Exhibit 1[6 photos, Bates stamped 140, 142, 150, 152, 153, 158])

This information is contained below, but is not limited to,

   a) "Notice. Asphalt Shingle limited warranty. These shingles are sold subject to the
      manufacturer's/distributor's limited warranty, copies of which are provided to roofing
      dealers and contractors for distribution to purchasers at time of sale. Copies of the
      limited warranty are also available at www.iko.com. This limited warranty excludes
      all implied warranties, including merchantability and fitness, and consequential
      damages."
   b) "Each purchaser should read their copy of the limited warranty and retain it for future
      reference. Ventilation must meet building code requirements, with a minimum of ¾"
      air space between the shingled roof deck and any insulation. Approximately half of
      the ventilation must be at the eaves, with the remaining half at the top or ridge of the
      door."
   c) Discoloration: Asphalt Shingles under pressure in package or in storage may pick up
      varying amounts of the backing material used to keep the shingles form sticking
      together and/or a yellow-brown stain form the asphalt oils in the shingles packed next
      to them. The resulting temporary discoloration is eliminated by natural weathering.
   d) Color shading: Differences in the positioning of the granular surfacing material used
      on this product may appear as a slight color variation when viewed from certain
      angles under certain lighting conditions. This is inherent and normal and is not a
      defect in materials or workmanship.
   e) The shingle wrapping also represented that they conformed to testing standards
      including ASTM D225, ASTM D3161, CAS A123.1, ASTM E108, (Ex. 1, BS#
      150,153)

20.  The shingle bundle packaging also references other standards such as CASMA/Canadian Asphalt Shingle Manufacturer's Association (BS# 150) and Asphalt Roofing Manufacturer's Association.  (BS# 150)  (Ex. 1)

21.  The photos attached were taken from an intact, unopened shingle bundle purchased by Plaintiff during the relevant timeframe.

22.  At no time during the purchase of the IKO shingles did Plaintiff or anyone on his behalf agree to a reduced statute of limitations for claims against IKO Defendants related to express or implied warranties.

23.  No statute of limitation modification language appears on the IKO Shingle wrapper.

24.  Based on information and belief, at no time relevant did any supplier or distributor relevant to this sale agree to or accept a limitation on the statute of limitations for implied warranties or for the express "ironclad" warranty.

25.  Based on information and belief, at no time relevant did IKO Defendants provide suppliers or distributors relevant to this sale with disclosures that limited the statute of limitations for the product or with any documentation that could reasonable be construed as a modification to the statute of limitations impacting Plaintiff.

26.  In reliance upon the above representations of IKO Defendants, Plaintiff selected the IKO shingles for his home.

27.  The IKO shingles were properly installed over the course of time on Plaintiff's home.

28.  In April/May 2005, Tim Curran ("Curran"), the foreman for Barber Associates, noticed that the IKO shingles at Plaintiff's residence appeared to be showing signs of wear.

29.  Curran alerted Mesheau and contacted IKO Defendants concerning the appearance of the shingles.

30.  Curran was put into contact with Mitchell Leet, who upon information and belief was IKO Defendants' sales representative for the region and was an authorized agent of IKO Defedants.

31.  A recent internet search for Leet has him affiliated with Leet & Associates on or about the relevant timeframe.

32.  Based on this same internet information, Leet was an agent and/or employee of Leet & Associates at this time.

33.  Therefore, in the alternative or in addition to the claims above, Leet & Associates may be liable to Plaintiff.

34.  During the relevant timeframes, Leet was representing himself to Plaintiff as an authorized agent with authority for IKO Defendants.

35.  At all relevant times, IKO Defendants made statements to suppliers, distributors, other third parties, and the public that Leet was an authorized agent of IKO Defendants.

36.  At all times relevant, Leet had actual and/or apparent authority of IKO Defendants to act on their behalf.

37.  Curran explained to Leet the appearance of the shingles at Plaintiff's residence.

38.  Leet then took samples of the IKO shingles used on Plaintiff's roof and stated that he was going to have them analyzed by IKO Defendants.

39.  After a short period of time, Leet contacted Curran and represented that IKO Defendants had analyzed the IKO shingles used on Mesheau's roof and represented that the shingles were free from defects.

40.  Leet otherwise made representations about the shingles that Curran and Plaintiff relied upon.

6

41.     Curran communicated to Mesheau the representations that the IKO shingles used on his residence had no defects.

42.     Relying on the above-referenced representations, Mesheau reasonably believed in 2005 that the shingles were free of defect.

43.     IKO Defendants and Leet knew or should have known that such false or misleading representations regarding the condition of the IKO shingles would induce Plaintiff to not seek remedy at that time.

44.     Based solely on the representations of IKO Defendants and Leet, Mesheau did not pursue any remedy related to the shingles in 2005.

45.     Based on the representations of IKO Defendants and Leet, Plaintiff believed the IKO shingles were defect-free and otherwise fit for the purpose they were intended for.

46.     At no time prior to November 2011 did Mesheau believe that he had been harmed by the IKO shingles.  Prior to that date, there were no leaks or damages to his home due to the shingles, or any other apparent problem with the shingles.

47.     On July 23, 2010, representative plaintiffs filed a third amended class action complaint against IKO Defendants in the United States District Court - Central District of Illinois, Urbana Division, related to IKO shingles. In re: IKO Roofing Shingle Products Liability Litigation, Case No. 09-md-2014 MFL Docket No. 2104, ALL CASES (Centr. Dist. Ill).

48.     In that action, the named-plaintiffs claimed to represent a purported nationwide class consisting of: "All individuals and entities that have owned, own, or acquired homes, residences, buildings, or other structures physically located in the United States, on which organic IKO shingles are or have been installed since 1979."

49.     Plaintiff is a member of the purported class.

7

50.   As announced in the Supreme Court Case of <u>American Pipe & Construction Company v.</u>
      <u>Utah</u>, 414 U.S. 538 (1974), and its progeny, the filing of that class action tolled the
      statute of limitations for all members of the purported class.

51.   In or about November 2011, during the warranty period and during the pendency of the
      nationwide class action in the Central District of Illinois, Plaintiff's IKO shingles failed
      catastrophically.

52.   An inspection of the roof revealed that the IKO shingles had prematurely failed and that
      there was accelerated degradation of the IKO shingles throughout all areas of the roof
      and/or other defects.

53.   Such defects were substantial, jeopardizing the entire roof.

54.   During this time, in or about late November 2011, Mesheau noticed water leaking into his
      dining room, which penetrated his ceiling and otherwise damaged interior personal
      property.

55.   Additional leaks were discovered throughout the home after November 2011.

56.   Mesheau contacted a roofing specialist who advised Mesheau that the leakage was due to
      the IKO shingles.

57.   Based on information and belief, the various leaks were due entirely to the premature
      failure of the IKO shingles, which needed to be replaced.

58.   The failure of the IKO shingles was prior to the warranted life expectancy of the shingles.

59.   On November 9, 2012, Mesheau sent correspondence (via regular and certified mail) to
      IKO Defendants demanding that it honor their implied and express warranties.

60.   The mailing address to which the correspondence was sent was the one provided on
      IKO's "ironclad" warranty.

61.    The November 9, 2012, correspondence was returned as undeliverable with no
       forwarding address.

62.    On or about February 1, 2013, Mesheau sent another correspondence to IKO Defendants
       demanding that they honor their implied and express warranties. The address that the
       February 1, 2013, correspondence was sent to was not the one listed on IKO's "ironclad"
       warranty.

63.    On or about February 13, 2013, Mesheau, through counsel, received a reply in which
       IKO Defendants refused to honor any of their express and/or implied warranties.

64.    At no time prior to November 2011 did IKO Defendants or any of its agents warn
       Plaintiff that the IKO organic shingles had been failing prematurely.

65.    At no time did Bradco or 84 Lumber warn Plaintiff or his agents or builders that the IKO
       shingles were failing prematurely.

66.    At no time did Plaintiff or any of his agents agree to modify the warranty implied under
       law.

67.    At no time did Plaintiff receive any documentation from IKO Defendants or from any of
       its agents that constituted a modification to the UCC implied warranties.

68.    The IKO defendants are responsible for the statements and conduct of its agent Leet and
       Leet and Associates.

69.    Leet and Associates is responsible for Leet primarily or in the alternative jointly and
       severally with the other defendants.

## ESTOPPEL FROM PLEADING STATUTE OF LIMITATIONS

70.    IKO Defendants, Mitchell Leet, and Leet & Associates, Inc., Bradco and 84 Lumber and
       each of them, knew or should have known that the IKO shingles were defective prior to

the time of sale and intentionally concealed that material information concerning its product from Plaintiff and the general public, while continually marketing the IKO shingles as dependable products. Further, Defendant Leet, as agent for the IKO Defendants, affirmatively misled Plaintiff regarding the IKO shingles when he was contacted in 2005. IKO Defendants' acts of fraudulent concealment included failure to disclose that its shingles were defectively manufactured and would deteriorate in less than their expected lifetime. Such defects were known to cause damage to the very structures they were purchased to protect.

71. Because the defects in the IKO shingles were not detectable until manifestation of failure occurred, Plaintiff was not reasonably able to discover the defects despite exercise of due diligence.

72. The Defendants had a duty to disclose that its shingles were defective, unreliable, and inherently flawed in their design and/or manufacture.

73. The Defendants further had a duty to ensure its agents did not mislead customers who made inquiries about the product.

### COUNTS 1, 2, 3
### BREACH OF IMPLED WARRANTY OF MERCHANTABILITY
#### *v. IKO Manufacturing, Inc., IKO Industries, Inc., and IKO Industries, Ltd.*

74. Plaintiff repeats and re-alleges paragraphs 1-72 and incorporates same by reference as if originally stated herein.

75. By virtue of M.G.L. c. 106, § 2-313 *et seq.* and common law, at the time of purchase there was a warranty that the IKO shingles were merchantable.

76. The IKO shingles were not merchantable at the time of sale and remain that way today.

77. Plaintiff has been damaged by IKO Defendants' breaches of the warranty of merchantability.

## COUNTS 4, 5, 6
## BREACH OF IMPLED WARRANTY OF
## FITNESS FOR A PARTICULAR PURPOSE
*v. IKO Manufacturing, Inc., IKO Industries, Inc., and IKO Industries, Ltd.*

78. Plaintiff repeats and re-alleges paragraphs 1-76 and incorporates same by reference as if originally stated herein.

79. By virtue of M.G.L. c. 106, § 2-313 *et seq*. and common law, at the time of purchase there was a warranty that the IKO shingles were fit for a particular purpose.

80.  The IKO Shingles were unfit for their particular purpose as they broke down and failed to perform when put to their intended use.

81. Plaintiff has been damaged by Defendant's breach of the warranty of fitness for a particular purpose.

## COUNTS 7, 8 , 9
## BREACH OF EXPRESS WARRANTY
*v. IKO Manufacturing, Inc., IKO Industries, Inc., and IKO Industries, Ltd.*

82. Plaintiff repeats and re-alleges paragraphs 1-80 and incorporates same by reference as if originally stated herein.

83. IKO Defendants, through both written and oral representations, warranted to Plaintiff that the IKO shingles were a 35-year shingle that contained an ironclad warranty and complied with testing and industry standards, and that they therefore were durable, dependable, sound, and free from defects at the time of purchase.

84. The IKO shingles failed to conform and comply with these express warranties made by IKO Defendants.

85. Plaintiff has been damaged by IKO Defendants' breach of express warranties.

## COUNTS 10, 11, 12
## MISREPRESENTATION
### v. IKO Manufacturing, Inc., IKO Industries, Inc., and IKO Industries, Ltd.

86.     Plaintiff repeats and re-alleges paragraphs 1-84 and incorporates same by reference as if originally stated herein.

87.     At the time of purchase and in subsequent contact with IKO Defendants' representatives, IKO Defendants made false representations concerning the quality and capabilities of the IKO shingles.

88.     Plaintiff relied on the false statements, to his detriment, in purchasing the IKO shingles and/or delaying suit to enforce his rights and in submitting a warranty claim.

89.     IKO Defendants are responsible for the statements of Leet, which caused Plaintiff damage and harm.

90.     In addition and in the alternative, Leet & Associates is responsible for the misleading statements of Leet that caused Plaintiff damage and harm.

91.     Plaintiff has been damaged by IKO Defendants' false representations.

## COUNTS 13, 14, 15
## BREACH OF CONTRACT
### v. IKO Manufacturing, Inc., IKO Industries, Inc., and IKO Industries, Ltd.

92.     Plaintiff repeats and re-alleges paragraphs 1-90 and incorporates same by reference as if originally stated herein.

93.     Plaintiff entered into certain contracts and warranty agreements with IKO Defendants. Pursuant to these contracts and agreements, including the express warranty, IKO Defendants would provide Plaintiff IKO shingles that were 35-year shingles with an ironclad warranty and were of merchantable quality and fit for the purpose for which they

were intended. In exchange for these duties and obligations, IKO Defendants received payment of the purchase price for the IKO shingles.

94.   Plaintiff satisfied his obligation under these contracts, warranties, and agreements.

95.   IKO Defendants failed to perform as required and breached the contracts, warranties, and agreements because IKO Defendants provided Plaintiff with IKO shingles that were not as promised and were defective and unfit for their intended purpose.

96.   Plaintiff has been damaged as a result of IKO Defendants' breach.

### COUNT 16, 17, 18
### VIOLATION OF MASSACHUSETTS GENERAL LAWS CHAPTER 93A
*v. IKO Manufacturing, Inc., IKO Industries, Inc., and IKO Industries, Ltd.*

97.   Plaintiff repeats and re-alleges paragraphs 1-95 and incorporates same by reference as if originally stated herein.

98.   In marketing and selling defective IKO shingles, IKO Defendants committed various unfair and deceptive actions as detailed further above, including but not limited to: breaching IKO Defendants' express and implied warranties and breaching both IKO Defendants' warranty of merchantability and fitness for a particular purpose, representing that the IKO shingles were 35 year shingles with an "ironclad" warranty and that they met testing and industry standards and were therefore defect-free in 2005, and falsely representing that 660 South Avenue, Chicago, Illinois, was the appropriate address to send warranty requests.

99.   IKO Defendants further committed unfair and deceptive actions including but not limited to: willfully, intentionally, and in bad faith refusing to honor the express and implied warranties and or by attempting to modify the statute of limitations without notice to consumers.

13

100.   IKO Defendants further misled Plaintiff by the conduct of its agent Leet and or Leet and Associates.

101.   The unfair and deceptive conduct by Defendant IKO Defendants was knowing and willful.

102.   On May 21, 2013, Plaintiff sent IKO Defendants or its agents a demand for relief pursuant to Chapter 93A.

103.   IKO Defendants responded to the demand declining to provide any relief or to make any reasonable offer of settlement. Such a response was made in bad faith.

104.   Plaintiff has been damaged by IKO Defendants' Chapter 93A violations.

**COUNTS 17, 18, 19**
**FRAUDULENT CONCEALMENT**
*v. IKO Manufacturing, Inc., IKO Industries, Inc., and IKO Industries, Ltd.*

105.   Plaintiff repeats and re-alleges paragraphs 1-103 and incorporates same by reference as if originally stated herein.

106.   At all material times, IKO Defendants were in a position of superiority to Plaintiff and had the duty to disclose to Plaintiff the true facts and knowledge concerning IKO shingles; i.e. that the product was defective, would prematurely fail, and otherwise was not manufactured as warranted and represented by IKO Defendants.

107.   At all times, IKO Defendants concealed these facts regarding IKO shingles and these facts were material to Plaintiff's decision to purchase the IKO shingles.

108.   At all times relevant, IKO Defendants concealed the results of the testing of the IKO shingles purportedly done in 2005 and of the product-wide testing prior to distribution.

109. The facts concealed and not disclosed by IKO Defendants are material facts in that a reasonable person would have considered these facts to be important in deciding whether to purchase IKO shingles.

110. At all relevant times, IKO Defendants intentionally, willfully, and maliciously concealed or suppressed these facts from Plaintiff with the intent to defraud.

111. At all relevant times, Plaintiff, to his detriment, relied on IKO Defendants to disclose the material facts set forth above.

112. IKO Defendants continued to conceal the defective nature of IKO shingles after complaints by other purchasers of IKO shingles and continues to cover up their true characteristics.

113. As a result of the concealment and suppression of the material facts set forth above, Plaintiff has been damaged.

## COUNTS 20, 21, 22
## NEGLIGENCE
### v. IKO Manufacturing, Inc., IKO Industries, Inc., and IKO Industries, Ltd.

114. Plaintiff repeats and re-alleges paragraphs 1-112 and incorporates same by reference as if originally stated herein.

115. IKO Defendants had a duty to Plaintiff to exercise reasonable care in the formulation, testing, design, manufacture, marketing, and distribution of IKO shingles.

116. IKO Defendants breached their duty to Plaintiff by designing, manufacturing, advertising, selling, and/or distributing to Plaintiff a product that is defective and will fail prematurely, and by failing to promptly remove the IKO shingles form the marketplace or take other appropriate remedial action.

117. IKO Defendants knew or should have known that the IKO shingles were defective, would fail prematurely, were not suitable for use as an exterior roofing product, and otherwise were not as warranted and represented by IKO Defendants.

118. As a direct and proximate cause of IKO Defendant's negligence, and each of them, Plaintiff has suffered actual damages due to the defective and premature failure of the IKO shingles. The IKO Defendants are jointly and severally liable to Plaintiff. This negligence has caused Plaintiff damages in the repair of his roof due to premature failure of the shingles and other property and consequential damage.

**COUNT 23**
**MISREPRESENTATION**
*v. Mitchell Leet*

119. Plaintiff repeats and re-alleges paragraphs 1-117 and incorporates same by reference as if originally stated herein.

120. At the time of purchase and in subsequent contact with Plaintiff, Leet made false representations concerning the quality and capabilities of the IKO shingles, and possibly concerning his authority.

121. Plaintiff relied on the false statements, to his detriment, in purchasing the IKO shingles and delaying suit to enforce his rights or bring warranty claims.

122. Plaintiff has been damaged by Defendant Leet's false representations.

**COUNT 24**
**MISREPRESENTATION**
*v. Leet & Associates, Inc.*

123. Plaintiff repeats and re-alleges paragraphs 1-121 and incorporates same by reference as if originally stated herein.

124.  At the time of purchase and in subsequent contact with Mitchell Leet as representative of Leet & Associates, Leet made false representations concerning the quality, condition, and capabilities of the IKO shingles and concerning his authority.

125.  Plaintiff relied on the false statements, to his detriment, in purchasing the IKO shingles and delaying suit to enforce his rights.

126.  Plaintiff has been damaged by Defendant Leet & Associates' false representations.

**COUNT 25**
**NEGLIGENCE**
***v. Bradco Supply Corp. n/k/a American Builders and Contractors Supply Co. Inc.***

127.  Plaintiff repeats and re-alleges paragraphs 1-125 and incorporates the same by reference as if originally stated herein.

128.  Defendant Bradco had a duty to Plaintiff to exercise reasonable care in the sale, resale, and/or distribution of roofing materials.

129.  Defendant Bradco breached its duty to Plaintiff by selling to Plaintiff a product that is defective and will fail prematurely, and by failing to promptly remove the IKO Shingles form the marketplace or take other appropriate remedial action.

130.  Defendant Bradco knew or should have known that the IKO Shingles were defective, would fail prematurely, were not suitable for use as an exterior roofing product, and otherwise were not as warranted and represented.

131.  As a direct and proximate cause of Defendant Bradco's negligence, Plaintiff has suffered actual damages due to the defective and premature failure of the IKO Shingles. This negligence has caused Plaintiff damages in the repair of his roof and other property damage.

**COUNT 26**
**NEGLIGENCE**

17

*v. 84 Lumber*

132.   Plaintiff repeats and re-alleges paragraphs 1-130 and incorporates the same by reference as if originally stated herein.

133.   Defendant 84 Lumber had a duty to Plaintiff to exercise reasonable care in the sale, resale, and/or distribution of roofing materials.

134.   Defendant 84 Lumber breached its duty to Plaintiff by selling to Plaintiff a product that is defective and will fail prematurely, and by failing to promptly remove the IKO Shingles form the marketplace or take other appropriate remedial action.

135.   Defendant 84 Lumber knew or should have known that the IKO Shingles were defective, would fail prematurely, were not suitable for use as an exterior roofing product, and otherwise were not as warranted and represented.

136.   As a direct and proximate cause of Defendant 84 Lumber's negligence, Plaintiff has suffered actual damages due to the defective and premature failure of the IKO Shingles. This negligence has caused Plaintiff damages in the repair of his roof and other property damage.

**COUNT 27**
**BREACH OF IMPLED WARRANTY OF MERCHANTABILITY**
*v. Bradco Supply Corp. n/k/a American Builders and Contractors Supply Co. Inc.*

137.   Plaintiff repeats and re-alleges paragraphs 1-135 and incorporates the same by reference as if originally stated herein.

138.   By virtue of M.G.L. c. 106, § 2-313 et seq., and common law, at the time of purchase there was a warranty that the IKO Shingles were merchantable.

139.   The IKO Shingles were not merchantable at the time of sale and remain that way today.

140.   Plaintiff has been damaged by Defendant's breach of the warranty of merchantability.

**COUNT 28**
**BREACH OF IMPLED WARRANTY OF**
**FITNESS FOR A PARTICULAR PURPOSE**
*v. Bradco Supply Corp. n/k/a American Builders and Contractors Supply Co. Inc.*

141.   Plaintiff repeats and re-alleges paragraphs 1-139 and incorporates the same by reference as if originally stated herein.

142.   By virtue of M.G.L. c. 106, § 2-313 et seq., and common law, at the time of purchase there was a warranty that the IKO Shingles were fit for a particular purpose.

143.   The IKO Shingles were unfit for their particular purpose as they broke down and failed to perform when put to their intended use.

144.   Plaintiff has been damaged by Defendant's breach of the warranty of fitness for a particular purpose.

**COUNT 29**
**BREACH OF IMPLED WARRANTY OF MERCHANTABILITY**
*v. 84 Lumber Company*

145.   Plaintiff repeats and re-alleges paragraphs 1-143 and incorporates the same by reference as if originally stated herein.

146.   By virtue of M.G.L. c. 106, § 2-313 et seq., and common law, at the time of purchase there was a warranty that the IKO Shingles were merchantable.

147.   The IKO Shingles were not merchantable at the time of sale and remain that way today.

148.   Plaintiff has been damaged by Defendant's breach of the warranty of merchantability.

**COUNT 30**
**BREACH OF IMPLED WARRANTY OF**
**FITNESS FOR A PARTICULAR PURPOSE**
*v. 84 Lumber Company*

149.   Plaintiff repeats and re-alleges paragraphs 1-147 and incorporates the same by reference as if originally stated herein.

19

150.   By virtue of M.G.L. c. 106, § 2-313 et seq., and common law, at the time of purchase there was a warranty that the IKO Shingles were fit for a particular purpose.

151.   The IKO Shingles were unfit for their particular purpose as they broke down and failed to perform when put to their intended use.

152.   Plaintiff has been damaged by Defendant's breach of the warranty of fitness for a particular purpose.

## COUNT 31
## FAILURE TO WARN
### *v. IKO Manufacturing, Inc., IKO Industries, Inc., and IKO Industries, Ltd.*

153.   Plaintiff repeats and re-alleges paragraphs 1-151 and incorporates the same by reference as if originally stated herein.

154.   IKO Defendants owed Plaintiff a duty to warn him of unreasonable dangers and/or problems they knew or should have known about the IKO Shingles.

155.   IKO Defendants failed to warn Plaintiff of the unreasonable dangers and/or problems they knew or should have known about the IKO Shingles.

156.   Plaintiff has been damaged by IKO Defendants' failure to warn him about the IKO shingles.

## COUNT 32
## FAILURE TO WARN
### *v. Bradco Supply Corp. n/k/a American Builders and Contractors Supply Co. Inc.*

157.   Plaintiff repeats and re-alleges paragraphs 1-155 and incorporates the same by reference as if originally stated herein.

158.   Bradco owed Plaintiff a duty to warn him of unreasonable dangers and/or problems it knew or should have known about the IKO Shingles.

159. Bradco failed to warn Plaintiff of the unreasonable dangers and/or problems it knew or should have known about the IKO Shingles.

160. Plaintiff has been damaged by Bradco's failure to warn him about the IKO shingles.

### COUNT 33
### FAILURE TO WARN
*v. 84 Lumber Company*

161. Plaintiff repeats and re-alleges paragraphs 1-159 and incorporates the same by reference as if originally stated herein.

162. 84 Lumber owed Plaintiff a duty to warn him of unreasonable dangers and/or problems it knew or should have known about the IKO Shingles.

163. 84 Lumber failed to warn Plaintiff of the unreasonable dangers and/or problems it knew or should have known about the IKO Shingles.

164. Plaintiff has been damaged by 84 Lumber's failure to warn him about the IKO shingles.

**Wherefore,** Plaintiff John Mesheau demands judgment against IKO Manufacturing, Inc., IKO Industries, Inc., IKO Industries Ltd., Mitchell Leet, Leet & Associates, Inc., Bradco Supply Corp n/k/a American Builders and Contractors Supply Co. Inc., and 84 Lumber Company, plus costs, interest, attorney's fees, and such other relief as this Court deems fair, just, and proper.

Plaintiff, John Mesheau

Date: December 4, 2014

_____
Lisa Brodeur-McGan, Esq., his attorney
Brodeur-McGan, P.C.
1380 Main Street, Suite 202
Springfield, MA 01103
BBO# 556755
(413) 735-1775; Fax (413) 735-1772
lbm@brodeurmcgan.com

21

CERTIFICATE OF SERVICE

I, Lisa Brodeur-McGan, do hereby certify that I made service of the foregoing document on this _19_ day of December, 2014, by first class mail, postage prepaid, to: Robert N. Meltzer, Esq., The Mountain States Law Group, Wheelhouse at the Bradford Mill, 33 Bradford Street, West Concord, MA  01742.

_____
Lisa Brodeur-McGan









## CAUTION

ASTM D925, ASTM D3101, CSA 123.1

